UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REGINALD BELL, SR., )<br>)<br>   Petitioner, )<br>)<br>  v. )<br>)<br>DEPARTMENT OF SOCIAL AND )<br>HEALTH SERVICES, *et al.*, )<br>)<br>   Respondents. )<br>_____) | CASE NO. C07-72-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

  Petitioner Reginald Bell, Sr., is a state prisoner who is currently incarcerated at the Washington Corrections Center in Shelton, Washington. On January 12, 2007, petitioner submitted to this Court for review a petition for writ of habeas corpus. (Dkt. No. 4.) Petitioner indicated in his petition that he was filing the petition on behalf of himself, his fiancee, Latine Powell, and his three minor children Reginald Bell, Jr., Reginald Bell, II, and Reginald Bell, III. (*See id*. at 11.)

  Petitioner asserted in the petition that the Bell children were unlawfully removed from the custody of their parents in 2005, and that the children were being unlawfully restrained by the named

REPORT AND RECOMMENDATION
PAGE - 1

respondents.[1]  (*See* Dkt. No. 4 at 5.)  More specifically, petitioner asserted that respondents had violated the rights of the parents; *i.e.*, himself and Ms. Powell, to due process in the state court dependency proceedings by providing erroneous information to the King County Superior Court. (*Id.*)  Petitioner claimed that alleged constitutional deficiencies rendered the judgment pursuant to which the children were removed from the custody of their parents void.  (*See id.*, at 6.)

After reviewing petitioner's petition, this Court could discern no cognizable ground for federal habeas relief.  Accordingly, on February 16, 2007, this Court issued an Order directing petitioner to show cause why this action should not be dismissed for failure to assert a viable cause of action under federal law. (Dkt. No. 5.)  The Court explained in its Order that it had jurisdiction, pursuant to 28 U.S.C. § 2241, to grant a writ of habeas corpus to an individual "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), but that petitioner had made no credible allegation that the minor children were in custody in violation of the United States Constitution or the laws of the United States.  (*Id.* at 2.)  The Court noted that, while the minor children had been removed from the custody of their parents and placed under the jurisdiction of the Department of Social and Health Services, petitioner had made no showing that this type of custody brought this case within the ambit of § 2241.  (*Id.*)

On March 12, 2007, petitioner filed a response to this Court's Order to Show Cause.  (Dkt. No. 8.)  Petitioner argues therein that because of the Constitutional deficiencies in the state court

---

[1] Petitioners identified as respondents in this action the Department of Social and Health Services, two employees of the Department of Social and Health Services, Theresa Farrow and Duane Minnis, the Swedish Medical Center, and a social worker employed by Swedish Medical Center, Julie Walters.

REPORT AND RECOMMENDATION
PAGE - 2

proceedings, it is appropriate for this Court to exercise jurisdiction under § 2241 to inquire into the unlawful restraint of his children. (*See* Dkt. No. 8 at 8-10.)

There is little federal case law on the question of the availability of federal habeas relief in cases involving child custody issues. However, this Court is persuaded by the reasoning of the First Circuit in *Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103 (1st Cir. 1978), that habeas relief is not available to challenge state child custody rulings such as the one at issue here. *See id* at 1110-1113.

Moreover, even assuming that § 2241 were an appropriate mechanism for challenging a state child custody ruling, any request for relief under § 2241 would be premature at this juncture. Section 2241 does not expressly require a petitioner to exhaust state court remedies before pursuing a writ of habeas corpus in federal court. However, principles of comity and federalism require that federal courts not entertain habeas challenges to ongoing state court proceedings unless the petitioner can show that he has exhausted available state avenues for raising his federal claims, and that "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). While petitioner indicates in his papers that he sought habeas review in the King County Superior Court, he concedes that he pursued the issue no further in the state courts. (*See* Dkt. No. 3 at 3.) Given the nature of the claims presented by petitioner in the instant petition, this Court deems it particularly important that petitioner give the state courts a full and fair opportunity to consider the claims before any request for intervention by way of federal habeas review is entertained.

REPORT AND RECOMMENDATION
PAGE - 3

For the foregoing reasons, this Court recommends that petitioner's federal habeas and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 10th day of May, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge