UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REGINALD BELL, SR., *et al*.,

    Plaintiff,

    v.

DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *et al*.,

    Defendants,

CASE NO. C07-72-JCC

ORDER

    This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge James P. Donohue ("R&R") (Dkt. No. 12) and Petitioner's Objections thereto (Dkt. No. 13). Having reviewed the relevant materials submitted by the parties, the Court ADOPTS the R&R and DISMISSES the petition for writ of habeas corpus.

    On February 7, 2007, Petitioner Reginald Bell, Sr., submitted to the Court for review a petition for writ of habeas corpus (Dkt. No. 4). He filed the petition on behalf of himself, his three children, and the biological mother of the children. Petitioner claims the Department of Social and Health Services ("DSHS") and the other Defendants unlawfully restrained his three children by assigning them to foster care.

    As a new argument in his Objections, Petitioner asserts that an exception to the general rule that

ORDER – 1

federal courts not intervene in pending state court proceedings, as outlined in *Younger v. Harris*, 401 U.S. 37 (1971), justifies federal interference in this state court matter. Specifically, he claims this Court should intervene as state officials allegedly acted in bad faith by conspiring to place his children in foster care for no other reason than harassment. Although *Younger* itself concered criminal proceedings, the Supreme Court has held that its principles also apply to civil actions that concern important state interests, including child custody disputes. *Moore v. Sims*, 442 U.S. 415 423–24 (1979).

The Petitioner's reliance on *Younger* is misplaced. Petitioner's claim of bad-faith prosecution does not meet the "extraordinary circumstances" creating "the danger of irreparable loss . . . both great and immediate" envisioned by *Younger*. *Id*. at 45. Federal courts have construed the bad-faith exception very narrowly, applying it when the state brings repeated charges solely for the purpose of harassment without the reasonable expectation of conviction, *id*. at 47–49, and where systematic deprivations of Petitioner's rights to raise Constitutional claims in state court have occurred due to judicial bias, *Juidice v. Vail*, 430 U.S. 327, 338 (1977).

The facts alleged here do not satisfy the bad-faith exception established by *Younger*. First, Petitioner makes no credible showing of harassment on the part of state officials. He makes only vague references to the placement of his children in foster care as retribution for his past criminal acts. (*See* Dkt. No. 13 at 32). Second, the state has shown a reasonable expectation that the children would fare better in foster care than in the custody of their parents. This expectation rebuts Petitioner's allegation that the state placed his children in foster care in bad faith. Finally, Petitioner fails to allege he faced systematic judicial bias in the state court proceedings. He had ample opportunity to raise his Constitutional claims in state courts before an unbiased judge, and thus had access to appropriate relief without federal interference. For the above reasons, federal intervention is not warranted under the *Younger* bad-faith exception.

The remaining arguments made in Petitioner's Objections are not new and have been properly addressed by the Magistrate Judge. For the reasons explained in the R&R, Petitioner's claim cannot

succeed because it does not fall within the ambit of 28 U.S.C. § 2241. Petitioner has made no credible allegation that the minor children are being held in custody in violation of the United States Constitution or the laws of the United States. *See Sylvander v. New England Home for Little Wanderers*, 584 F.2d 1103, 1110–13 (1st Cir. 1978).

Accordingly, the Court ADOPTS the R&R and DISMISSES the petition for writ of habeas corpus with prejudice.

SO ORDERED this 13th day of July, 2007.

John C. Coughenour
United States District Judge

ORDER – 3